Courtney A. Hasselberg (SBN 291189)
(chasselberg@shb.com)
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone:  949.475.1500
Facsimile:   949.475.0016

Attorney for Plaintiff
TELESIGN CORPORATION.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESIGN CORPORATION, ) | Case No. |
| ) | |
| PLAINTIFF, ) | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. ) | |
| ) | |
| TWILIO, INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| DEFENDANT. ) | |
| ) | |

## TELESIGN CORPORATION'S

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TeleSign Corporation ("TeleSign") for this Complaint against Defendant Twilio, Inc. ("Twilio") and on information and belief alleges as follows:

### Introduction

1.      TeleSign is an industry leader in internet security and user authentication. TeleSign is one of the fastest-growing technology companies in North America, sells to some of the top websites in the world, and is a market leader in two-step-verification technology.

COMPLAINT

2.      TeleSign helps its customers secure billions of end-user accounts worldwide and prevent registration fraud.

3.      The technology offered by TeleSign gives businesses the ability to connect a unique identity with every account to verify new registrations and authenticate users.  TeleSign helps businesses detect suspicious users and better protect their existing user base from account compromise.  TeleSign is trusted by some of the world's largest companies to help prevent fraudulent accounts and stop account takeovers.

4.      TeleSign owns United States Patent No. 7,945,034 (the "'034 Patent"), entitled "Process for determining characteristics of a telephone number," and Nos. 8,462,920 (the "'920 Patent") and 8,687,038 (the "'038 Patent"), both entitled "Registration, verification and notification system" (collectively, the "Asserted Patents").

5.      Twilio competes directly with TeleSign.

6.      Twilio has used, and continues to use, TeleSign's patented technology in connection with products and services that Twilio makes, sells, offers for sell and/or uses without TeleSign's permission, causing TeleSign irreparable harm.

7.      In this suit, TeleSign asks the Court to enjoin Twilio from making, using, selling or offering to sell products and services claimed by the Asserted Patents and to award monetary relief for Twilio's past violations.

**Jurisdiction and Venue**

8.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including §§ 271 and 281.  This Court has original jurisdiction over this patent-infringement action under 28 U.S.C. § 1338(a).

9.      Venue is proper in this Court at least because Twilio is responsible for acts of infringement occurring in the Central District of California, as alleged in this Complaint, and has delivered or caused to be delivered infringing products or services

2

COMPLAINT

in the Central District of California.  Moreover, TeleSign is headquartered in the Central District of California, where the harm from Twilio's infringement has been and is being felt.

### Plaintiff TeleSign

10.     Plaintiff TeleSign is a California corporation, duly authorized to do business in the State of California, with its principal place of business in Marina Del Rey, California.

### Defendant Twilio

11.     Defendant Twilio is a Delaware corporation with its principal place of business in San Francisco, California.  Twilio maintains its principal place of business at 645 Harrison Street, San Francisco, California 94107 and can be served at 548 Market Street #14510, San Francisco, California 94104

### The Asserted Patents

12.     The United States Patent and Trademark Office issued the '034 Patent (attached as Exhibit A) on May 17, 2011, the '920 Patent (attached as Exhibit B) on June 11, 2013, and the '038 Patent (attached as Exhibit C) on April 1, 2014.

13.     TeleSign is the owner of all right, title and interest in the Asserted Patents, including all rights to pursue and collect damages for past, present, and future infringement of the Asserted Patents.

### FIRST CLAIM FOR PATENT INFRINGEMENT ('034 PATENT)

14.     TeleSign repeats and realleges each of the allegations contained in the paragraphs above.

15.     On May 17, 2011, United States Patent No. 7,945,034, entitled "Process for determining characteristics of a telephone number," was duly and legally issued by the United States Patent and Trademark Office.

3

COMPLAINT

16.    Plaintiff TeleSign is the owner of the '034 Patent with full rights to pursue recovery of royalties or damages for infringement of the '034 Patent, including full rights to recover past and future damages.

17.    Each claim of the '034 Patent is valid and enforceable.

18.    On March 31, 2015, Twilio posted a blog entry stating "Today we're happy to introduce you to a new product called Lookup, an API that will retrieve detailed information about a phone number."

https://www.twilio.com/blog/2015/03/introducing-twilio-lookup.html.

19.    Defendant Twilio has infringed the '034 Patent and, unless enjoined, will continue to do so, by using, offering for sale and selling services claimed by the '034 Patent.

20.    Twilio makes, sells, offers for sale and/or uses, in the United States its "lookup" technology, including through its website at www.twilio.com, as indicated by, for example, https://www.twilio.com/lookup and as shown below (hereafter referred as "Twilio Lookup").

21.    The '034 patent relates to, among other things, using "characteristics of a telephone number" in a registration process.  These characteristics could include for example, whether a telephone number is a landline (claim 4), the phone carrier (claim 1), and geographic characteristics such as a country (claim 6).

22.    By way of example only, the screen capture below from https://www.twilio.com/lookup indicates that Twilio Lookup technology determines at least these characteristics.

COMPLAINT

23.    On information and belief, Twilio Lookup includes the performance of each step of the methods claimed by the '034 Patent.

24.    TeleSign has been damaged by Twilio's infringement of the '034 Patent and will suffer additional irreparable damage unless Twilio is enjoined from continuing to infringe the '034 Patent.

25.    TeleSign demands trial by jury for all issues relating to this claim.

26.    On information and belief, Twilio's infringement has been willful and continues to be, at least since notice of this Complaint.

**SECOND CLAIM FOR PATENT INFRINGEMENT ('920 PATENT)**

27.    TeleSign repeats and realleges each of the allegations contained in the paragraphs above.

28.    On June 11, 2013, United States Patent No. 8,462,920, entitled "Registration, verification and notification system," was duly and legally issued by the United States Patent and Trademark Office.

29.    Plaintiff TeleSign is the owner of the '920 Patent with full rights to pursue recovery of royalties or damages for infringement of the '920 Patent, including full rights to recover past and future damages.

30.    Each claim of the '920 Patent is valid and enforceable.

31.    Defendant Twilio has infringed the '920 Patent and, unless enjoined, will continue to do so, by making, using, offering for sale and/or selling services claimed by the '920 Patent.

32.    Twilio makes, sells, offers for sale and/or uses, in the United States its "two-factor authentication" technology, including through its website at www.twilio.com, (via http://www.twilio.com/use-cases/two-factor-authentication, for example, as illustratively shown below) (hereafter referred as "Twilio Two-Factor Authentication").



33.    TeleSign's '920 patent is directed to, among other things, verifying a contact by using a "verification code."

34.    As illustratively shown at http://www.twilio.com/help/faq/twilio-basics/what-do-i-do-if-i-lose-my-phone-or-cant-sign-in-with-two-factor-authentication-enabled-on-my-account/screenshot_6_26_13_2_08_pm-2, Twilio's Two-Factor Authentication uses such a "verification code."

COMPLAINT

35.    Twilio Two-Factor Authentication comprises the performance of each element of the methods claimed by the '920 Patent.

36.    TeleSign has been damaged by Twilio's infringement of the '920 Patent and will suffer additional irreparable damage unless Twilio is enjoined from continuing to infringe the '920 Patent.

37.    TeleSign demands trial by jury for all issues relating to this claim.

38.    On information and belief, Twilio's infringement has been willful and continues to be, at least since notice of this Complaint.

### THIRD CLAIM FOR PATENT INFRINGEMENT ('038 PATENT)

39.    TeleSign repeats and realleges each of the allegations contained in the paragraphs above.

40.    On April 1, 2014, United States Patent No. 8,687,038, entitled "Registration, verification and notification system," was duly and legally issued by the United States Patent and Trademark Office.

41.    Plaintiff TeleSign is the owner of the '038 Patent with full rights to pursue recovery of royalties or damages for infringement of the '038 Patent, including full rights to recover past and future damages.

42.    Each claim of the '038 Patent is valid and enforceable.

43.    Defendant Twilio has infringed the '038 Patent and, unless enjoined, will continue to do so, by making, using, offering for sale and/or selling products and services claimed by the '038 Patent.

44.    Defendant Twilio has infringed the '038 Patent and, unless enjoined, will continue to do so, by making, using, offering for sale and/or selling services claimed by the '038 Patent.

45.    Twilio makes, sells, offers for sale and/or uses, in the United States its "two-factor authentication" technology, including through its website at www.twilio.com, (via http://www.twilio.com/use-cases/two-factor-authentication, for

COMPLAINT

example, as illustratively shown below) (hereafter referred as "Twilio Two-Factor Authentication").



46.     TeleSign's '038 patent is directed to, among other things, verifying a contact by using a "verification code."

47.     As illustratively shown at http://www.twilio.com/help/faq/twilio-basics/what-do-i-do-if-i-lose-my-phone-or-cant-sign-in-with-two-factor-authentication-enabled-on-my-account/screenshot_6_26_13_2_08_pm-2, Twilio's Two-Factor Authentication uses such a "verification code."

48.     Twilio Two-Factor Authentication comprises the performance of each element of the methods claimed by the '038 Patent.

49.     TeleSign has been damaged by Twilio's infringement of the '038 Patent and will suffer additional irreparable damage unless Twilio is enjoined from continuing to infringe the '920 Patent.

50.     TeleSign demands trial by jury for all issues relating to this claim.

COMPLAINT

51.    On information and belief, Twilio's infringement has been willful and continues to be, at least since notice of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, TeleSign respectfully requests this Court to:

A.    Enter judgment for TeleSign that Twilio has willfully infringed, and is willfully infringing one or more claims of each of the Asserted Patents;

B.    Issue a preliminarily injunction enjoining Twilio (including its officers, directors, employees, agents, and all persons acting in concert with them) from infringing any of the Asserted Patents;

C.    Issue a permanent injunction enjoining Twilio (including its officers, directors, employees, agents, and all persons acting in concert with them) from infringing any of the Asserted Patents;

D.    Order that Twilio pay compensatory damages to TeleSign for Twilio's infringement of the Asserted Patents, including but not limited to, damages for lost profits and in no event less than a reasonable royalty, together with interest and costs under  35  U.S.C. § 284;

E.    Find this to be an exceptional case, award TeleSign treble damages due to Twilio's deliberate and willful conduct, and order Twilio to pay TeleSign's costs of suit and attorneys' fees;

F.    Aware TeleSign pre-judgment interest; and

G.    For such other relief as the Court deems appropriate.

Dated:   April 30, 2015                    Respectfully Submitted,

SHOOK, HARDY & BACON L.L.P.

By:   /s/ Courtney A. Hasselberg
Courtney A. Hasselberg
**Attorney for Plaintiff**
**TELESIGN CORPORATION**

9

COMPLAINT