**SHOOK, HARDY & BACON L.L.P.**
Gary Miller (Appearance *Pro Hac Vice*)
gmiller@shb.com
111 S. Wacker Drive, 51st Floor
Chicago, Illinois 60606
Telephone:  312-704-7700
Facsimile:   312-558-1195

Jesse J. Camacho (Appearance *Pro Hac Vice*)
jcamacho@shb.com
Ryan Dykal (Appearance *Pro Hac Vice*)
rdykal@shb.com
Mary J. Peal (Appearance *Pro Hac Vice*)
mpeal@shb.com
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone:  816-474-6550
Facsimile:   816-421-5547

Mayela C. Montenegro (SBN: 304471)
mmontenegro@shb.com
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone:  949-475-1500
Facsimile:   949-475-0016

Attorneys for Plaintiff
TELESIGN CORPORATION

**BAKER BOTTS L.L.P.**
Wayne O. Stacy (SBN 341579)
wayne.stacy@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: 415-291-6206
Facsimile: 415-291-6306

Sarah J. Guske (SBN 232467)
sarah.guske@bakerbotts.com
101 California St., Ste. 3070
San Francisco, CA 94111
Telephone: 415.291.6200
Facsimile: 415.291.6300

Michelle Jacobson Eber (*pro hac vice*)
michelle.eber@bakerbotts.com
One Shell Plaza
910 Louisiana St
Houston, TX 77002
Telephone: 713-229-1223
Facsimile: 713-229-7923

Attorneys for Defendant TWILIO INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESIGN CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>TWILIO INC,,<br><br>        Defendant. | **Case No. 3:18-cv-03279-VC**<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**CASE MANAGEMENT CONFERENCE**<br>Date:   July 3. 2018<br>Time:   1:30 PM<br>Place:  Courtroom 4, 17th Floor<br>Judge:  Hon. Vince Chhabria |

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**　　　　　　　　　　　　　　　　**Case No. 3:18-cv-03279-VC**

The parties submit this Joint Statement before the CMC scheduled for **July 3, 2018**.

**I.     JURISDICTION AND SERVICE**

This Court has jurisdiction over TeleSign's patent-infringement claims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. There are no remaining parties to be served, no issues of personal service, and no issues of jurisdiction or venue.

**II.    FACTS**

**A.     PLAINTIFF'S STATEMENT**

This is a patent-infringement case. TeleSign accuses Twilio of infringing four TeleSign patents: 7,945,034; 8,462,920; 8,687,038; and 9,300,792 (collectively the "Asserted Patents"). Since 2005, TeleSign has provided Internet security and authentication technologies to its customers. Twilio was founded in 2008. TeleSign contends that Twilio uses TeleSign's patented technology in its authentication and registration products, and that Twilio encourages its customers to build products that use TeleSign's patented technology. In April 2015, TeleSign sued Twilio in the Central District of California for infringing three of its patents ("*TeleSign I*"). TeleSign asserted a fourth patent in a separate action on March 28, 2016 ("*TeleSign II*"). Those two cases were consolidated into this case but stayed pending resolution of post-grant proceedings (four IPRs and a CBM) that Twilio filed, which are now complete.

**B.     DEFENDANT'S STATEMENT**

Twilio challenged the Asserted Patents in *inter partes* reviews before the Patent Office. Twilio rendered all challenged claims unpatentable in the '792 Patent. The challenged claims of the other Asserted Patents survived, but to avoid a finding of invalidity in those proceedings, TeleSign dramatically narrowed the scope of its claims. By proceeding with those claims in this action, TeleSign is seeking to re-capture subject matter it already gave up at the Patent Office. For example, in the '034 Patent, TeleSign repeatedly emphasized that all four recited items in the claims—phone type, carrier, geographic characteristics, and the verification message—must be used as criteria for registration of a user. In view of these narrowing statements, Twilio does not directly infringe the Asserted Patents and it does not induce its customers to infringe.

Many of the issues in this CMC statement have already been decided by Judge Koh and

Judge Van Keulen in the co-pending case between the parties.

## III. LEGAL ISSUES

Subject to and without waiving their respective positions and arguments (e.g., as set forth in the parties' pleadings), the parties assert that the disputed points of law include the following:

   A. Whether Twilio infringes the Asserted Patents;

   B. Whether the Asserted Patents are invalid;

   C. Whether the Asserted Patents are directed to patentable subject matter;

   D. The proper construction of the asserted claims of the Asserted Patents;

   E. Whether TeleSign is estopped from changing its claim construction positions from those it presented to the PTAB to defend the validity of the Asserted Patents;

   F. Whether TeleSign is entitled to damages, costs, expenses, prejudgment, attorney's fees, and post-judgment interest;

   G. Whether TeleSign is entitled to provisional rights under 35 U.S.C. § 154(d);

   H. Whether Twilio continues to willfully infringe the Asserted Patents;

   I. Whether TeleSign is entitled to enhanced damages under 35 U.S.C. § 284;

   J. Whether this case is exceptional under 35 U.S.C. § 285; and

   K. Whether TeleSign is entitled is entitled to attorneys' fees and other appropriate relief under 35 U.S.C § 285 or otherwise entitled to costs and expenses.

## IV. MOTIONS

TeleSign intends to move for leave to amend its pleadings prior to the initial CMC.

The Central District of California ruled on nine substantive motions prior to transfer:

- TeleSign's Motion for Preliminary Injunction (ECF No. 23), denied
- Twilio's Motion to Transfer to N.D. Cal. (ECF No. 25), denied
- Twilio's Motion to Dismiss Inducement Claims and Willful Infringement Claims (ECF No. 27), denied
- Twilio's Invalidity Motion based on 35 U.S.C. § 101 (ECF No. 87), denied without prejudice
- Twilio's Motion to Stay (ECF No. 98), granted

- TeleSign's Motion to Reopen Case (ECF Nos. 125 & 150), denied
- Twilio's Motion to Dismiss TeleSign's direct and indirect infringement allegations for lack of specificity (*TeleSign II*, ECF No. 34), granted; Twilio's second Motion to Dismiss Amended Complaint (*TeleSign II*, ECF No. 42), denied
- Twilio's Motion to Consolidate and Stay (*TeleSign II*, ECF No. 65), granted
- Twilio's Unopposed Motion to Transfer (ECF No. 153), granted

Summary-judgment motions, *Daubert* motions, pretrial, trial, and post-trial motions, and discovery motions are expected to be filed by each party. TeleSign may file a motion to enforce estoppel based on Twilio's *inter partes* review proceedings or to reduce the number of prior art references raised by Twilio if the parties cannot reach agreement.

## V. AMENDMENT OF PLEADINGS

**TeleSign's Position:** This case originally began as two litigations with two separate complaints, and was ultimately stayed. TeleSign will seek permission to amend its pleadings into a single operative complaint. TeleSign provided a near-final draft of a proposed operative complaint to Twilio on June 15, 2018 and is awaiting Twilio's response as to whether it will oppose TeleSign's request. TeleSign will reduce the number of claims and not add new patents.

**Twilio's Position:** TeleSign's proposed amended complaint proposes more than simple consolidation between the two cases. Rather, TeleSign seeks to add new information. It improperly relies on F.R.C.P. 11(b)(3) to seek discovery. The parties are conferring concerning TeleSign's proposed amendment.

## VI. EVIDENCE PRESERVATION

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding "reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident" in this case. Northern District Standing Order for All Judges, Contents of Joint Case Management Statement, ¶6. Both parties have imposed appropriate litigation holds on documents related to this action. As this case is in its early stages, the parties are still assessing their positions regarding an agreement to govern the discovery and production of Electronically

Stored Information (ESI).

**VII. DISCLOSURES**

The parties will have exchanged their Rule 26(a)(1) Initial Disclosures within 14 days of conducting the Rule 26 conference, which was held on June 22, 2018.

**VIII. DISCOVERY**

Discovery will include mandatory Rule 26 disclosures, patent disclosures pursuant to the Patent Local Rules, written discovery, depositions, and third-party discovery relating to the claims or defenses stemming from TeleSign's Complaint. Email discovery will be governed by the ESI Order.

    **A.    Interrogatories.**

**By TeleSign**: Because Twilio had not responded to any unwithdrawn interrogatories before each case was stayed, TeleSign has withdrawn all of its interrogatories across both cases and will serve new interrogatories. Twilio's responses to TeleSign's first set of interrogatories in 2015 were largely objections. As Exhibit B shows, after a meet-and-confer on February 4, 2016, Twilio agreed to allow TeleSign to withdraw "the original interrogatories," including "already-answered interrogatories," and serve new ones, which it did on February 19, 2016 (serving a replacement set). But *TeleSign I* was then stayed on March 9, 2016, before Twilio responded. TeleSign served interrogatories in TeleSign *II* on May 5, 2017, but the case was stayed and consolidated at Twilio's behest on May 16. Despite TeleSign having responded to Twilio's interrogatories, TeleSign offered to allow Twilio to serve new interrogatories, which it rejected. If Twilio believes that unwithdrawn interrogatories or responded-to interrogatories should not be allowed to be withdrawn, it can be bound by its position.

**By Twilio**: Prior to the stay the parties disputed whether and to what extent TeleSign's interrogatories were compound. The parties agreed that TeleSign could amend its interrogatories for the purpose of separating sub-parts. TeleSign was not permitted a complete re-do and should not be permitted a complete re-do now. Twilio agrees that TeleSign may break its previously-served rogs into new rogs that are not compound but does not agree that TeleSign may serve replacement rogs directed to different subject matter.

Twilio is also willing to supplement its previous responses to TeleSign's interrogatories in *TeleSign I* to address the '792 Patent. The '792 Patent (asserted in *TeleSign II*) is a continuation of the asserted '920 and '038 Patents asserted in *TeleSign I*. Thus, at this stage, this case does not warrant additional written discovery beyond that provided by the FRCP.

### B. Modifications to Discovery under the Federal Rule of Civil Procedure and Local Rules

The parties propose altering the discovery limits imposed by the Federal Rules of Civil Procedure and Local Rules as follows.

#### 1. Depositions

The parties agree to be bound by the Federal and Local Rules for depositions, except as modified below.

**By TeleSign:** To help avoid discovery disputes, TeleSign proposes that the court order: "During depositions, speaking objections are prohibited. Deposition objections must be as to privilege or form only. Counsel comments such as 'if you know' are not allowed and counsel is not otherwise allowed to coach a deponent. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement. Private conferences between deponents and attorneys in the course of examination, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted."

**By Twilio:** Twilio disagrees that the Federal and Local rules need to be modified in this CMC.

##### a. Fact Depositions

Absent agreement or leave of Court upon a showing of good cause, a fact witness may not be deposed more than once or for more than seven hours.

**By TeleSign**: A presumptive limit of 70 hours of total (individual and corporate) deposition time is allowed per party, excluding expert depositions and third parties, and no more

than 15 party witnesses may be deposed under Rule 30(b)(1). This is what Twilio sought in its case except TeleSign is willing to narrow the allotment to a 15-person cap. *See Twilio Inc. v. TeleSign Corp.*, No. 5:16-cv-06925, ECF No. 45 at 5.

**By Twilio**: Agreement, except FRCP 30(b)(6) time is limited to 14 hours total.

### b. Expert Depositions

Expert depositions are limited to one, seven-hour day (maximum) per report on which the expert offers opinions. If an expert is to be deposed on multiple reports, all reasonable steps shall be taken to conduct multiple depositions in one sitting or in back-to-back sittings.

### 2. Discovery Requests

### a. Interrogatories

**By TeleSign:** TeleSign proposes the parties be allowed 30 interrogatories at this time before requesting more based on the complexity and consolidation of its cases.

**By Twilio:** Twilio proposes the parties be allowed 25 interrogatories as permitted by Rule 33(a)(1). At this time, nothing in this case warrants extra discovery.

### b. Requests for Admission

Each party may propound no more than [**TeleSign: 75 / Twilio: 50**] RFAs directed to matters other than the authenticity of the documents (which are not limited).

### C. Restricted Discovery from Experts (including consultants)

(i) The parties agree that no notes, drafts, or other types of preliminary written work or communications by or for experts or consultants concerning the subject matter in this civil action will be the subject of discovery, including inquiry at trial.

(ii) No communications, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this civil action or the Asserted Patents shall be the subject of discovery or inquiry at trial.

(iii) Materials, communications, and other information exempt from discovery under subparagraphs (i) and (ii) shall be treated as attorney-work product for the purposes of this litigation.

(iv) Subparagraphs (i) and (ii) shall not apply to any communications or documents

1  (including messages, notes, drafts other types of preliminary written work) that the expert relied
2  upon in forming his or her opinion as expressed in an affidavit, report, or testimony in
3  connection with this civil action, or on which the expert intends to rely as a basis for an opinion
4  expressed in an affidavit, report, or testimony in connection with this civil action. Such
5  communications or documents shall be subject to discovery and (to the extent otherwise
6  admissible) to inquiry at trial.

### D. Protective Order

**By TeleSign:** TeleSign will seek to clarify in this case that provisions such as those in the protective order in Twilio's case mean what they say: namely, that—except for use in Twilio's case—protected material may be used only in this litigation, not in IPRs for example. Twilio has already sought two different POs (in its case and in the patent office) to control.

**By Twilio:** Magistrate Judge Van Keulen already entered a Protective Order in the co-pending dispute between the parties, and that Protective Order governs issues in this case as well. *See Twilio, Inc. v. TeleSign Corp.*, 5:16-cv-06925-LHK (N.D. Cal.) (D.I. 62). For example, Judge Van Keulen ordered that Designated Material may be used in both actions between the parties. *Id.* at Section 1.2. Pursuant to Judge Van Keulen's Protective Order, the parties have been using a common database to host document productions in the two cases. Two different protective orders governing the same document productions and document database would cause a host of logistical issues for the parties and the Court. Judge Van Keulen's Protective Order should be entered here.

### E. Production Formats

**By TeleSign:** The ESI order from Twilio's case departed from this Court's default, and caused many discovery disputes. An ESI order more in line with the default is appropriate.

**By Twilio:** The same ESI is being used by the parties across their two co-pending cases. Magistrate Judge Van Keulen already entered an ESI order, and that order should apply in this case too. *See Twilio, Inc. v. TeleSign Corp.*, 5:16-cv-06925-LHK (N.D. Cal.) (D.I. 58). TeleSign has not provided any explanation as to what alternative provisions it would seek regarding ESI or why the Court should re-consider ESI issues that have already been decided.

**F.     Privilege Logs**

Neither party shall be required to log privileged materials that post-date April 30, 2015 (the filing date of this case).

**IX.    CLASS ACTION:** Not applicable.  This is not a class-action suit.

**X.     RELATED CASES**

**By TeleSign**: Involving completely different patents, this case is not related to Twilio's (or any other).  Twilio expressly stated that its case was not related to TeleSign's in the parties' joint Rule 26(f) statement.  *Twilio's Case* (5:16-cv-06925), ECF No. 45 at § X.  Twilio only changed positions after drawing the instant judge.  The relatedness matter is before Judge Koh on Twilio's motion.  *Twilio Inc. v. TeleSign Corp.*, No. 5:16-cv-6925-LHK (SVK) (N.D. Cal.) (D.I. 196).

**By Twilio:** Judge Van Keulen has stated that "the cases involve the same parties and counsel, present substantially similar issues, and will likely concern the same third parties."  D.I. 61 at 2.  The cases have a complete overlap of parties, and the products at issue in each case also overlap.  The document production is coordinated such that produced documents may be used by the parties in both matters.  Twilio provided further detail concerning the relatedness of the two pending cases between the parties.  *Twilio Inc. v. TeleSign Corp.*, No. 5:16-cv-6925-LHK (N.D. Cal.) (D.I. 196).

**XI.    RELIEF**

**A.     PLAINTIFF'S POSITION**

TeleSign seeks injunctive relief, compensatory damages, an accounting of damages through entry of judgment, costs and expenses, a declaration that the case is exceptional, a declaration that Twilio's infringement has been and is willful, exceptional case damages, enhanced damages, and pre- and post-judgment interest.  Regarding L.R. 2-1(b)(5), TeleSign's good-faith estimate of a damages range is impeded by the lack of discovery.  TeleSign has not received appropriate financial information from Twilio regarding the products at issue.  TeleSign is seeking an injunction prohibiting on-going infringement.  TeleSign also seeks damages in the form of a royalty (determined by, for example, *Georgia-Pacific* factors) and/or lost profits

(determined by, for example, the *Panduit* factors) to compensate TeleSign for Twilio's infringement. TeleSign will also require expert analysis that considers items such as Twilio's financial information, revenues associated with the accused products, and evidence of competition and demand, including information predating this suit as allowed by, for example under 35 U.S.C. § 154(d) and 35 U.S.C. § 286. Damages remedies will be applied through the final expiration of the last of the Asserted Patents.

### B. DEFENDANT'S POSITION

TeleSign is not entitled to any relief. TeleSign made significant concessions in claim scope to preserve the validity of the Asserted Patents during the *inter partes* review proceedings. These positions instruct the proper claim constructions in this case, under which Twilio's products do not infringe. Twilio further requests a finding of invalidity based on prior art systems and prior art on which the Patent Office did not institute review. Twilio also seeks a finding that this is an exceptional case because TeleSign maintains this suit even after the concessions it made before the PTAB.

## XII. SETTLEMENT AND ADR

The parties have agreed to private mediation before the Hon. Edward A. Infante (Ret.).

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

TeleSign declined magistrate-judge jurisdiction.

## XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master or a judicial panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

### A. PLAINTIFF'S PROPOSAL

TeleSign proposes reducing issues substantially and immediately by reducing the number of asserted claims from 90 to 60 by amending its complaint. The parties are amenable to following the same schedule the parties were subject to in Twilio's case (Case 5:16-cv-06925-LHK, ECF No. 74, Exhibit C) as to narrowing of claims and prior-art references, except accounting for TeleSign asserting four patents in this case (instead of Twilio's three) and Judge

Chhabria's claim-construction practices.  These positions are set forth in Exhibit A.

### B. DEFENDANT'S PROPOSAL

The primary dispute between the parties concerns TeleSign's proposal to limit claims on an "average per patent" basis.  Twilio rejects this part of TeleSign's proposal.  Following Twilio's successful IPR on the '792 Patent, that patent only has two claims remaining.  TeleSign should not be permitted to use that fact to retain large numbers of asserted claims in the other Asserted Patents, thus circumventing the claim narrowing process.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties are opposed to an expedited trial procedure pursuant to General Order No. 64.

## XVII. SCHEDULING

The Parties propose the schedule in Exhibit A.

## XVIII. TRIAL

The parties agree that any non-equitable issues will be tried to a jury.  The Parties do not expect a trial to last longer than five full days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have filed certifications of interested entities or persons and will file any amended certifications prior to the July 3 CMC.  TeleSign Corporation is wholly-owned by TeleSign Holdings, which is wholly-owned by Belgacom International Carrier Services S.A. Belgacom International Carrier Services S.A is owned by Proximus S.A. (57.6%), Swisscom (Switzerland) Ltd (22.4%) and MTN International (20%).

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER

The parties consent to electronic service in this case under FCRP 5(b)(2)(E).

DATED: June 26, 2018.

Respectfully submitted,

| SHOOK, HARDY & BACON LLP | BAKER BOTTS L.L.P. |
|---|---|
| /s/    Mary J. Peal | /s/    Wayne O. Stacy |
| SHOOK, HARDY & BACON L.L.P.<br>Gary Miller (Appearance Pro Hac Vice)<br>gmiller@shb.com<br>111 S. Wacker Drive, 51st Floor<br>Chicago, Illinois 60606<br>Telephone:   312-704-7700<br>Facsimile:    312-558-1195 | Wayne O. Stacy (SBN 341579)<br>wayne.stacy@bakerbotts.com<br>101 California Street, Suite 3600<br>San Francisco, CA 94111<br>Telephone: 415-291-6206<br>Facsimile: 415-291-6306 |
| Jesse J. Camacho (Appearance Pro Hac Vice)<br>jcamacho@shb.com<br>Ryan Dykal (Appearance *Pro Hac Vice*)<br>rdykal@shb.com<br>Mary J. Peal (Appearance Pro Hac Vice)<br>mpeal@shb.com<br>2555 Grand Boulevard<br>Kansas City, Missouri 64108<br>Telephone:  816-474-6550<br>Facsimile:   816-421-5547 | Sarah J. Guske (SBN 232467)<br>sarah.guske@bakerbotts.com<br>101 California St., Ste. 3070<br>San Francisco, CA 94111<br>Telephone: 415.291.6200<br>Facsimile: 415.291.6300 |
| Mayela C. Montenegro (SBN: 304471)<br>mmontenegro@shb.com<br>5 Park Plaza, Suite 1600<br>Irvine, California 92614<br>Telephone:         949.475.1500<br>Facsimile:          949.475.0016 | Michelle Jacobson Eber (*pro hac vice*)<br>michelle.eber@bakerbotts.com<br>One Shell Plaza<br>910 Louisiana St<br>Houston, TX 77002<br>Telephone: 713-229-1223<br>Facsimile: 713-229-7923 |
| Attorneys for Plaintiff<br>TELESIGN CORPORATION | Attorneys for Defendant<br>TWILIO INC. |