UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESIGN CORPORATION,<br><br>        Plaintiff,<br><br>      v.<br><br>TWILIO, INC.,<br><br>        Defendant. | Case No. 18-cv-03279-VC<br><br>**ORDER GRANTING JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 195 |

Twilio's motion for judgment on the pleadings is granted in full. Telesign's asserted claims are invalid under 25 U.S.C. § 101.[1]

### I.    The '34 Patent

Telesign asserts claims 1-4, 6-7, 9, and 11-12 of the '034 patent. The claims describe a method for verifying an online registration by using the characteristics of the registrant's telephone number. In one embodiment, a potential registrant provides her telephone number through an online form. A database is queried to determine whether the characteristics of the telephone number align with information previously provided by the registrant. If the registration is suspected to be fraudulent, access is denied. But if the characteristics align, then a code is passed to the registrant, who enters the code and gains access.

The asserted claims are directed to an abstract idea: using information about a user to confirm his or her identity. Telesign cites a series of cases that distinguish claims that "merely recite the performance of some business practice known from the pre-Internet world" from

---

[1] Telesign argues that many of Twilio's exhibits are improper subjects for judicial notice. For purposes of this motion, this court considers only the complaint and those exhibits "properly submitted as part of the complaint." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

claims that seek "to overcome a problem specifically arising in the realm of computer networks" or otherwise improve existing technological processes. *DDR Holdings, LLC v. Hotels.com L.P.*, 773 F.3d 1245, 1257 (Fed. Cir. 2014); *see also Enfish LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335-36 (Fed. Cir. 2016). But those cases are not persuasive here; the problem that the '034 patent addresses is not unique to the digital age, and the claims require only the conventional application of existing technology. *Cf. Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2360 (2014).

In addition, the claims—considered both individually and as an ordered combination—do not contain an inventive concept. *Alice*, 134 S.Ct. at 2355. Several of the claims describe processes comparable to those previously determined to be too routine and conventional to provide an inventive concept. *See, e.g.*, *Context Extraction and Transmission LLC v. Wells Fargo Bank*, 776 F.3d 1343, 1347 (Fed. Cir. 2014); *Intellectual Ventures I LLC v. Erie Indemnity Co.*, 850 F.3d 1315, 1328–29 (Fed. Cir. 2017). Considering the claims as a combination does not change the result, nor does considering the dependent claims, which add only minor limitations.

## II.     The '920 Patent Family

Telesign also asserts various claims of the '920 patent, the '038 patent, and the '792 patent. Because these patents share a common structure and specification, the parties refer to the them collectively as the " '920 patent family." The parties agree that claim 1 of the '920 patent is representative. The claim covers processes for verifying the identity of a person registering for an account by sending codes through electronic contacts, and then verifying his or her identity again, using the pre-cleared contact, after a predetermined event occurs. For example, a bank could prompt a checking account holder to re-verify after a withdrawal of more than one thousand dollars is requested from her account.

As with the '034 patent, the '920 patent family is directed to an abstract idea—verifying a user's identity using passcodes. *Cf. Asghari-Kamrani v. United Services Auto. Ass'n*, No. 2:15CV478, 2016 WL 3670804 (E.D. Va. July 5, 2016); *OpenTV, Inc. v. Apple Inc.*, No. 5:15-CV-02008-EJD, 2018 WL 344845 (N.D. Cal. Jan. 28, 2016). Telesign, again citing *DDR*

*Holdings* and *Enfish*, argues that the patents are directed to the "technical problem" of fraudulent account registration. But the fact that fraudulent registrations may occur more frequently in the digital age does not suggest that the '920 patent family is a "technical solution" similar to the inventions considered in those cases.

Nor do the claims contain an inventive concept. The claims only direct the sending, receiving, and comparing of information using conventional methods. *Cf. In re TLI Communications LLC Patent Litig.*, 823 F.3d 607, 612–13 (Fed. Cir. 2016); *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed Cir. 2014). Rather than transforming the abstract idea, the claims proceed logically from the basic premise of using information to verify a user's identity. In its complaint, Telesign describes the innovation of the invention as providing verification in "real time," while paper and pencil processes "would be too slow to accommodate users' and companies' expectations for being able to timely register online." Dkt. No. 182 at 9. But Telesign appears to concede that the challenged processes could, in fact, be performed using a pencil and paper, and the fact that technology permits a process to occur in real time does not, without more, supply an inventive concept. *See Elec. Power Group LLC v. Alstom S.A.*, 830 F.3d 1350, 1355–56 (Fed. Cir. 2016).[2]

Because representative claim 1 is directed to an abstract idea, and does not contain an inventive concept, the claim is invalid. The dependent claims that Telesign asserts add only minor limitations to the representative claim, and therefore are also invalid.

**III.**   *Berkheimer* **and** *Aatrix*

Finally, Telesign argues—as to both the '34 patent and the '920 patent family—that the Federal Circuit's decisions in *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018) and *Aatrix Software Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018) require denial of Twilio's motion. But Telesign has not plausibly alleged any concrete improvement that could

---

[2] Telesign also argues that both patents are patent-eligible because the claims would have only a limited preemptive effect. But the absence of complete preemption, without more, does not establish patent eligibility. *See Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015).

provide an inventive concept "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [abstract idea] itself." *Alice*, 134 S. Ct. at 2355. It has also failed to meaningfully engage with a substantial body of case law finding that similar processes did not provide inventive concepts. Accordingly, Twilio's section 101 challenge is properly resolved at the pleading stage; on this issue the case is not materially different from *Asghari-Kamrani*, in which the motion to dismiss was also decided at the pleading stage. *See Asghari-Kamrani v. United Services Auto. Ass'n*, No. 2:15CV478, 2016 WL 3670804 (E.D. Va. July 5, 2016), *aff'd*, 737 F. App'x 542 (Fed. Cir. Sept. 11, 2018).

Telesign's motion to strike (Dkt. No. 90) is denied as moot.

**IT IS SO ORDERED.**

Dated: October 19, 2018

_____
VINCE CHHABRIA
United States District Judge